UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DERRICK LASHONE BRADDOCK,

       Plaintiff,                              Case No. 1:10-cv-731

v.                                                HON. GORDON J. QUIST

ROBERT CROMPTON, *et al.*,

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

On February 9, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (docket no. 104) recommending that Defendant Dr. Robert Crompton's Motion for Partial Dismissal (docket no. 62) and Motion for Partial Summary Judgment (docket no. 68) be granted. The R & R also recommended that Plaintiff Derrick Braddock's Motion to Amend Complaint (docket no. 96) be denied. Braddock filed Objections to the R & R (docket no. 105), to which Dr. Crompton responded. (Docket nos. 106 & 107.) "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Braddock's Objections, and the pertinent portions of the record, the Court concludes that the R & R's findings on the merits should be adopted. Therefore, Dr. Crompton's motion for partial dismissal and motion for partial summary judgment will be granted, and Braddock's motion to amend will be denied.

      **I.**      **Discontinuation of the TENS unit (docket no. 62)**

The R & R granted Dr. Crompton's motion for partial dismissal because: A) Braddock failed to properly exhaust his available administrative remedies with respect to this claim; and B)

Braddock could not demonstrate a genuine issue of material fact with regard to the substance of his claim.[1]

This Court agrees with the R & R that "[a]t most, plaintiff's complaint has alleged a disagreement with Dr. Crompton regarding his need to keep a damaged TENS unit."[2] (R & R at 12.) Braddock's complaint, along with Grievance 66 (docket no. 80-1 at pp. 8-12), establish that the TENS unit had been removed from Braddock's possession because it had been altered, worn out, or destructed. Dr. Crompton did not remove the TENS unit while being deliberately indifferent to Braddock's medical needs because Braddock also had access to pain medication at the same time. (Compl. ¶ 23; docket no. 80-1 at 19-21, MDOC Chronic Care Clinic Record; docket no. 80-1 at 14, Braddock Decl. ¶ 4.) As Braddock said in his objection to the R & R, "It's true that Plaintiff remained on Neurontin medication when the Tens Unit was discontinued." (docket no. 105 at 12.) However, Braddock alleges that Neurontin did not sufficiently reduce the pain from which he suffered. In other words, this is a case where "the claim is that the prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Inadequate medical treatment is not sufficient to state a claim under the Eighth Amendment. "Federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Id; Owens v. Hutchinson*, 79 F. App'x 159, 160 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is . . . not cognizable as a federal constitutional claim."). Therefore,

---

[1] The parties do not contest the R & R's finding that the partial motion for dismissal for failure state a claim should be treated as a motion for summary judgment. (R & R at 5.)

[2] This Court disagrees with the R & R that Braddock's grievance does not contain a genuine issue of material fact whether he administratively exhausted this claim. The prison treated the grievance to contain an allegation that "the physician," who was undoubtedly Dr. Crompton, to have "discontinued the tens unit due to misuse." (Docket no. 80-1 at 9.) Thus, since this is the basis for Braddock's Eighth Amendment claim, the Court finds it appropriate to address the merits of the claim. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir 2010) (holding that the prisoner "properly exhausted his claim because he invoked one complete round of the Department's grievance procedures and received merits-based responses at each step").

Braddock's disagreement with Dr. Crompton's decision to remove a worn out, misused, or destructed TENS unit while Braddock remained on other pain medication does not rise to the level of cruel and unusual punishment.

## II. Discontinuation of Neurontin prescription (docket no. 68)

The R & R dismissed Braddock's Eighth Amendment claims alleging that Dr. Crompton terminated Braddock's prescription for Neurontin and then ordered a different pain medication, Tegretol, that Dr. Crompton knew was ineffective. Braddock makes these same allegations against Physician Assistant (PA) Eipperle and seeks to amend his complaint to add PA Eipperle as a defendant.

For the most part, Braddock's objections are a restatement of the arguments that he made to the Magistrate Judge. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (stating that the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object). In these regards, the Court agrees with the R & R.

First, Braddock cannot establish the subjective element of an Eighth Amendment claim. On November 4, 2009, Dr. Crompton discontinued Braddock's Neurontin prescription because RN Addie Briske wrote that Braddock stated "I don't want that Neurontin–just the Antivert." (Docket no. 70 at 9-10, Pl.'s Medical Records.) This reliance refutes any contention that Dr. Crompton or PA Eipperle had a deliberate indifference to Braddock's medical condition. The medical providers thought that they were complying with Braddock's request. Because of Braddock's request, regardless of Braddock's medical records describing his pain problems, Dr. Crompton and PA Eipperle had no right to force Braddock to take a specific medication. Moreover, even if Dr. Crompton should have received confirmation from Braddock in person,[3] a failure to abide by

---

[3] Dr. Crompton relied on a medical record that was made from a nurse who took the request *in person*.

3

MDOC's policy does not establish a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Furthermore, Dr. Crompton did not grant the request with indifference; he thought that the termination of Neurontin "would not result in a serious risk to [Braddock's] medical condition." (Docket no. 68.) No evidence suggests that Dr. Crompton was being deliberately indifferent to Braddock's serious medical needs. In addition, the medical records show that PA Eipperle tried several other forms of pain treatment rather than remaining indifferent to Braddock's alleged pain–e.g., instructing him on self pain management methods and prescribing another type of pain medication.

Second, Braddock cannot establish the objective element of an Eighth Amendment claim because, as the R & R noted, the record is replete with evidence that Braddock received continuous medical treatment for his pain–even when he was not receiving Neurontin. Therefore, this Court will not second guess the medical judgment of Dr. Crompton and PA Eipperle regarding the type of pain medication administered to Braddock. *See Westlake*, 537 F.2d at 860 n.5. Braddock's disagreement with his course of treatment amounts to a malpractice claim and will not be constitutionalized. *See Owens*, 79 F. App'x at 160

Braddock objects that Dr. Crompton was deliberately indifferent because he refused to discuss reordering the Neurontin medication on November 20, 2009. The medical records reflect that Braddock met with Dr. Crompton to discuss why the Antivert medication had stopped, not to discuss Neurontin. According to Braddock, Dr. Crompton told Braddock to submit a kite to address his concerns about not receiving Neurontin. Even assuming Braddock did in fact inquire with Dr. Crompton about Neurontin,[4] Dr. Crompton was not deliberately indifferent by not immediately discussing Braddock's inability to take Neurontin because, as the medical records show, within a matter of hours Braddock met with a nurse practitioner to address this concern. *See, e.g., James v.*

---

[4] The medical records do not support Braddock's contention that he did.

*Hammond*, 2011 WL 2110039, at *3 (E.D. Tenn. May 26, 2011) ("As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand second opinions, a certain physician, or a particular treatment." (citing *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976))). Moreover, from that point on, Braddock's medical needs were continuously addressed, albeit sometimes with a pain medication or treatment that Braddock alleges was not the most effective. *See also Greenman v. Prisoner Health Servs.*, 2011 WL 6130410, at *9-*10 (W.D. Mich. Dec. 8, 2011) (dismissing a similar prisoner claim again a doctor for not prescribing a particular pain medication).

Braddock also objects that Dr. Crompton "interfered" with the prescribed treatment of the Pain Management Committee (PMC). Even though Dr. Crompton terminated the medication that the PMC ordered, a difference in opinion among medical doctors does not establish a claim of deliberate indifference. *Chapman v. Parke*, 1991 WL 203080, at *2 (6th Cir. 1991) (citing *Estelle*, 429 U.S. at 107). In Dr. Crompton's medical opinion, he thought that Braddock's request to go off Neurontin would not result in a serious risk to his medical condition, and therefore he approved the request. Thus, Dr. Crompton approved the request without being deliberately indifferent to Braddock's medical needs.

### III. Braddock's motion to amend (docket no. 96)

The R & R recommended that Braddock's motion to amend his complaint to add PA Eipperle as a defendant be denied. The R & R said that such an amendment would be futile. Braddock generally objects by rehashing his motion and contending that such an amendment would not be futile. *See Miller*, 50 F.3d at 380 (stating that the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object). Even so, Braddock's objection is overruled because this Court agrees with the R & R's finding and reasoning. (R & R at 16-17.) Specifically, even *assuming* PA Eipperle was

negligent, this Court would not constitutionalize claims which amount to nothing more than state tort claims. (R & R at 17 (citing *Westlake*, 537 F.2d at 860 n.5).) However, this Court does not find negligence where PA Eipperle prescribed a drug, Tegretol, that is medically designed to treat the same symptoms that Neurontin treated. Moreover, even after prescribing Tegretol, Braddock's medical records show that PA Eipperle provided continuous care to Braddock and was far from being deliberately indifferent to Braddock's medical needs. Thus, such an amendment would be futile. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 9, 2012 (docket no. 104) is **ADOPTED** insofar as it dismisses Braddock's claims on the merits.

**IT IS FURTHER ORDERED** that Braddock's objections (docket no. 105) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Dismissal and Motion for Partial Summary Judgment (docket nos. 62 & 68) are **GRANTED**.

**IT IS FURTHER ORDERED** that Braddock's Motion to Amend Complaint (docket no. 96) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion regarding discovery requests (docket no. 95) is **DISMISSED** as moot.

This case is concluded.

Dated: March 13, 2012                 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE