UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LASHONE BRADDOCK,

    Plaintiff,                       Case No.  1:10-CV-731

v.                                                      HON. GORDON J. QUIST

ROBERT CROMPTON, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

On August 20, 2015, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court deny Defendants' motion for summary judgment. Defendants have filed objections to the R & R, which the Court has reviewed de novo. For the reasons that follow, the Court will overrule the objections related to administrative exhaustion and adopt the portion of the R & R addressing that issue. The Court will, however, reject the portion of the R & R addressing the merits of the claim against Defendant Eipperle.

*Exhaustion*

Plaintiff filed three grievances related to the discontinuation of his prescription for Neurontin, a pain medication. The first grievance (No. 9368) was filed on November 23, 2009, and stated that Plaintiff was "seen by the doctor and MSP [medical services provider]" and "wasn't given a reason why [his] pain medication was stopped." The second grievance (No. 5006), filed on December 8, 2009, stated that "ECF [Oaks Correctional Facility] doctor and MSP are refusing to issue [Plaintiff's] medication." The final grievance (No. 14), filed on December 27, 2009, stated that Plaintiff had "complained to health care" during the previous two months about his pain, but was still waiting to receive his medication.

Defendants object to the magistrate judge's recommendation that the Court deny Defendant's motion for summary judgment based on failure to exhaust.[1]  Crompton argues that Grievance Nos. 3968 and 5006 were not directed at him because they stated that the incidents grieved occurred on November 23, 2009 and December 8, 2009, and he did not see Plaintiff on those dates.  Rather, he argues, the grievances must have been directed at Eipperle, who saw Plaintiff on the dates stated in the grievances.  Moreover, he argues, if the grievances were directed at him, they did not exhaust Plaintiff's claims because they were not filed within the time period specified by MDOC policy.

As an initial matter, the Court notes that Crompton was the only doctor working at Oaks Correctional Facility during the relevant period, and the grievance officer could have inferred that the "doctor" referenced in Plaintiff's grievances was Crompton.  Nonetheless, prison officials could have rejected Plaintiff's grievances because they did not contain the "dates, times, places and names of all those being grieved," as required by the Michigan Department of Corrections (MDOC) policy.  *See* MDOC Policy 03.02.130.  They also could have rejected the grievances because Plaintiff did not attempt to resolve the issues with Crompton within three days of their meeting.  MDOC officials chose not to reject the grievances on procedural grounds, however, but rather considered them on the merits.  As the Sixth Circuit has made clear, courts should not enforce the MDOC's rules when they have chosen to overlook them.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325-26 (6th Cir. 2010).  Rather, "the state's decision to review a claim on the merits gives [courts] a warrant to do so as well, even when a procedural default might otherwise have resolved the claim."  *Id.*  Thus, because the MDOC waived any right to enforce its procedural rules regarding the filing of Grievance Nos. 3968 and 5006, this Court will not enforce them to bar Plaintiff's claims.

---

[1] Although the magistrate judge stated that there were questions of fact regarding exhaustion, the Court disagrees with that assessment because there are no factual disputes regarding the issue of exhaustion.  Rather, the relevant inquiry is whether Defendants have met their burden of demonstrating that Plaintiff's grievances failed to exhaust his claims.

Defendants further argue that Grievance Nos. 3968 and 5006 did not exhaust Plaintiff's claims because Plaintiff signed off on the grievances as resolved and did not appeal them. After Plaintiff filed Grievance No. 3968, the supervising nurse told Plaintiff that she would get his Neurontin restarted. (*See* dkt. #176-6 at Page ID#1492.) That same nurse completed a response to Grievance No. 5006 stating that Plaintiff's Neurontin had been reordered. (Dkt. #1-13.) Thus, Plaintiff believed that he had received the relief he requested and there was nothing left to appeal. *See Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *10 (W.D. Mich. Feb. 15, 2008) ("Where a prisoner has received the relief he requested, he has no basis for appealing his grievance to another step."). Moreover, Plaintiff could not go back and appeal such grievances once he learned that the promised relief was not forthcoming. Rather, consistent with MDOC policy, he filed a separate grievance (No. 14) stating that he had not received the promised medication. Because Plaintiff was not required to appeal Grievance Nos. 3968 and 5006, he exhausted his administrative remedies with regard to those grievances once they were resolved.

In sum, Defendants have failed to meet their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. Rather, Grievance Nos. 3968 and 5006 were sufficient to exhaust Plaintiff's claims. [2]

### *Eighth Amendment Claim Against Eipperle*

Eipperle argues that the claim against her must be dismissed because she lacked authority to prescribe Neurontin. The Sixth Circuit previously held that this Court erred in denying Plaintiff leave to amend to add Eipperle as a defendant, reasoning that Plaintiff's amendment would not have been futile because a jury could conclude that Eipperle's actions constituted deliberate indifference. That holding addressed whether Plaintiff's allegations were sufficient to survive a motion to dismiss.

---

[2] Because the Court concludes that Plaintiff exhausted his administrative claims through Grievance Nos. 3968 and 5006, it need not consider Defendants' arguments regarding Grievance No. 14.

It did not address whether Plaintiff could survive a motion for summary judgment in light of discovery conducted after the case was remanded. As such, the Sixth Circuit's previous ruling in this case does not insulate Plaintiff's claim against Eipperle on summary judgment. *See McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000) ("[O]ur holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery.").

To succeed on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate that a prison official had a "a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). Thus, a prison official may be held liable only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979.

In this case, Eipperle has testified that she did not believe she had the authority to reinstate Plaintiff's prescription for Neurontin. Rather, she believed that the approval for Plaintiff's Neurontin had expired, and that she needed the approval of a regional medical officer to reinstate the medication. (Dkt. #176-3 at Page ID#1312.). She thus sought approval from Dr. Stevie, who denied her request. (*Id.*) She testified that Dr. Stevie had the final authority to make such a decision, and that she could not question his judgment. (*Id.* at Page ID#1315.) Although Plaintiff questions the veracity of Eipperle's statements, he provides no evidence to refute them.

Under the circumstances, Plaintiff cannot demonstrate that Eipperle had a sufficiently culpable state of mind to establish deliberate indifference. Eipperle has provided evidence, in the form of her deposition testimony, that she did not have the authority to reinstate Plaintiff's prescription for Neurontin, but that she sought approval to do so. Once that approval was denied, Eipperle's hands were tied. According to her testimony, Eipperle was not deliberately indifferent

4

to Plaintiff's medical needs, but lacked the authority to satisfy Plaintiff's request. Because Plaintiff has provided no evidence to refute Eipperle's testimony, the claim against her must be dismissed. *See Walker v. Eyke*, 417 F. App'x 461, 464 (6th Cir. 2011) (concluding that the plaintiff failed to offer evidence that the defendant had a "sufficiently culpable mind" where the defendant lacked authority to prescribe the drugs requested).

*Conclusion*

Defendants have failed to meet their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. Because Eipperle has provided unrefuted evidence that she lacked a sufficiently culpable mind, however, the deliberate indifference claim against her must be dismissed.

Therefore,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge filed July 20, 2105 (dkt. #195) is adopted in part and rejected in part.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. #176) is **GRANTED in part** and **DENIED in part**. The claim against Defendant Crompton will proceed. The claim against Defendant Eipperle is **DISMISSED with prejudice**.


Dated:  October 15, 2015                             /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE